Elizabeth A. Cassady (D.C. Bar. No. 997160)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006
Telephone: 202-956-6980

Theodore Edelman (*pro hac vice*)
Jessica Klein (*pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: 212-558-4000

Aaron C. Morris
IMMIGRATION EQUALITY
40 Exchange Place, Suite 1300
New York, New York 10005
Telephone: 212-714-2904

*Attorneys for Plaintiffs*

VINITA B. ANDRAPALLIYAL
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0845

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLISON DAWN BLIXT and L. Z.-B. | : |
| Plaintiffs, | : |
| v. | Civ. No. 1:18-cv-00124-EGS |
| The UNITED STATES DEPARTMENT OF STATE and MICHAEL R. POMPEO in his official capacity as Secretary, U.S. Department of State. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs, Allison Dawn Blixt and L. Z.-B., by and through his court-appointed *guardian ad litem*, Stefania Zaccari, (together, "Plaintiffs") along with Defendants, the United States Department of State and the Honorable Michael R. Pompeo, in his official capacity as Secretary of State, (together, "Defendants"; collectively with Plaintiffs, the "Parties"), jointly move the Court to transfer the above-captioned action ("Action") to the United States District Court for the District of New Jersey ("D.N.J.").

**STATEMENT OF FACTS RELEVANT TO THIS MOTION**

L. Z.-B. was born in London, England during the marriage of a same-sex couple—Allison Dawn Blixt, a U.S. citizen, and Stefania Zaccari, an Italian citizen—using assisted reproductive technology. (*See* Compl. ¶ 1–2.) L. Z.-B. was conceived using sperm from an anonymous donor and Stefania's egg. (*See* Compl. ¶ 2.) Allison and Stefania are the only individuals listed on L. Z.-B.'s birth certificate as his parents. (Compl. ¶ 2.) On May 23, 2017, Plaintiffs appeared in person at the U.S. Embassy in London to apply for a Consular Report of Birth Abroad ("CRBA") for L. Z.-B.—evidencing his U.S. citizenship. (Compl. ¶ 53.) The Department of State denied L. Z.-B.'s application. The denial letter stated that L. Z.-B.'s application for a CRBA was denied under Section 309(c) of the Immigration and Nationality Act ("INA") ("Section 309"), 8 U.S.C. § 1409(c), because "[i]t has been determined that there is not a biological relationship . . . between the U.S. citizen mother and child." (*See* Compl. ¶ 57; *see also* Compl. Ex. D.) That letter reflects Defendants' interpretation of Section 301 of the INA ("Section 301"), 8 U.S.C. § 1401, to require that a child's biological parents were married to each other at the time of birth, and consequent adjudication of L. Z.-B.'s application under Section 309, which governs children born out of wedlock. Under that interpretation, in addition to a legal relationship, either a genetic parental or gestational relationship needed to exist

between Allison and L. Z.-B. for his application to be approved under Section 309.  (*See* Compl. Ex. D; *see also* Compl. ¶¶ 55, 57.)  On January 22, 2018, Plaintiffs filed the Complaint in this Court, pursuant to 28 U.S.C. § 1391(e).  (*See generally* Compl.)

The Complaint asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.  (*See* Compl. ¶¶ 73–98.)  Specifically, the Complaint seeks, among other things, (1) a declaration that Defendants unconstitutionally and in violation of the INA classify children of same-sex-married couples to be "born out of wedlock" and thus eligible for citizenship at birth under Section 309 rather than Section 301, if at all; (2) an injunction enjoining Defendants from continuing this allegedly infirm approach, and (3) a declaration "declar[ing] [L. Z.-B.] a U.S. citizen at birth."  (Compl. at 24.)  Because Plaintiffs resided in London, England at the time the Complaint was filed (*see* Declaration of Allison Dawn Blixt ¶ 2), the Complaint does not assert a claim under 8 U.S.C. § 1503(a) ("Section 1503(a)"), which provides a cause of action for an individual "who is within the United States" and to whom the federal government denies a "right or privilege . . . upon the ground that he is not a national of the United States."  In particular, such a person may institute an action under 28 U.S.C. § 2201 "for a judgment declaring him to be a national of the United States."  A claim under Section 1503(a) "shall be filed in the district court of the United States for the district in which such person resides . . . ."

In late 2019, Plaintiffs relocated from London, England to Essex County, New Jersey.  (*See* Declaration of Allison Dawn Blixt ¶ 3.)  As Plaintiffs now reside in the United States, they would be able to pursue a Section 1503(a) claim arising out of the denial of L.Z.-B.'s CRBA application, if the Court transfers this Action pursuant to this motion.  The Parties

therefore jointly move to transfer the Action to D.N.J., the district in which Plaintiffs now reside, and the only district in which Plaintiffs may pursue a claim under Section 1503(a).

## ARGUMENT

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for "the convenience of parties and witnesses, in the interest of justice." If all parties consent to transfer an action, the transferor court need not consider whether venue otherwise would have been proper in the transferee court. *Fesniak* v. *Equifax Mortg. Servs. LLC*, 2015 WL 2412119, at *8 (D.N.J. May 20, 2015) ("In deciding whether to transfer venue, the court must first determine whether all parties consent to the transfer and, if not, whether personal jurisdiction and venue would be proper in the transferee district."); *see also Edley* v. *Saul*, 2019 WL 3238635, at *6 n.7 (D.D.C. July 18, 2019) (concluding that transfer would promote the convenience of the parties and the interest of justice "in light of both parties' consent").

Here, the Parties have conferred pursuant to Local Civil Rule 7 and all consent to transfer the Action to D.N.J. and agree that a transfer is convenient for the Parties and witnesses and is in the interest of justice. Multiple relevant witnesses, including Allison Blixt and Stefania Zaccari, now are located in Essex County, New Jersey. Further, although this Court remains an appropriate venue for adjudication of Plaintiffs' APA, due process, and equal protection claims, D.N.J. is the only appropriate venue for Plaintiffs' Section 1503(a) claim, as Section 1503(a) requires that such a claim be litigated "in the district court of the United States for the district in which [Plaintiffs] reside . . . ." Because Plaintiffs would be forced to litigate their Section 1503(a) claim in a parallel action in D.N.J. absent transfer, the requested transfer is in the interest of justice and would "'prevent[] the unnecessary expenditure of judicial and party resources that


therefore jointly move to transfer the Action to D.N.J., the district in which Plaintiffs now reside, and the only district in which Plaintiffs may pursue a claim under Section 1503(a).

## ARGUMENT

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for "the convenience of parties and witnesses, in the interest of justice." If all parties consent to transfer an action, the transferor court need not consider whether venue otherwise would have been proper in the transferee court. *Fesniak* v. *Equifax Mortg. Servs. LLC*, 2015 WL 2412119, at *8 (D.N.J. May 20, 2015) ("In deciding whether to transfer venue, the court must first determine whether all parties consent to the transfer and, if not, whether personal jurisdiction and venue would be proper in the transferee district."); *see also Edley* v. *Saul*, 2019 WL 3238635, at *6 n.7 (D.D.C. July 18, 2019) (concluding that transfer would promote the convenience of the parties and the interest of justice "in light of both parties' consent").

Here, the Parties have conferred pursuant to Local Civil Rule 7 and all consent to transfer the Action to D.N.J. and agree that a transfer is convenient for the Parties and witnesses and is in the interest of justice. Multiple relevant witnesses, including Allison Blixt and Stefania Zaccari, now are located in Essex County, New Jersey. Further, although this Court remains an appropriate venue for adjudication of Plaintiffs' APA, due process, and equal protection claims, D.N.J. is the only appropriate venue for Plaintiffs' Section 1503(a) claim, as Section 1503(a) requires that such a claim be litigated "in the district court of the United States for the district in which [Plaintiffs] reside . . . ." Because Plaintiffs would be forced to litigate their Section 1503(a) claim in a parallel action in D.N.J. absent transfer, the requested transfer is in the interest of justice and would "'prevent[] the unnecessary expenditure of judicial and party resources that

would otherwise occur if the claims were heard in multiple judicial districts.'" *Edley*, 2019 WL 3238635, at *6 (quoting *Sierra Club* v. *Johnson*, 623 F. Supp. 2d 31, 38 (D.D.C. 2009)) (collecting cases).

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court transfer this Action to the United States District Court for the District of New Jersey, without prejudice to any rights, claims or defenses of the Parties, and grant to the Parties such other and further relief as the Court may deem just and proper.

Dated:  February 13, 2020

Respectfully submitted,
By: *s/ Elizabeth A. Cassady*
SULLIVAN & CROMWELL LLP
Elizabeth A. Cassady (D.C. Bar. No. 997160)
1700 New York Avenue, N.W.
Washington, D.C.  20006
Telephone:  202-956-6980
Email:  cassadye@sullcrom.com

Theodore Edelman (*pro hac vice*)
Jessica Klein (*pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000

IMMIGRATION EQUALITY
Aaron C. Morris
40 Exchange Place, Suite 1300
New York, New York  10005
Telephone:  212-714-2904
Email: amorris@immigrationequality.org

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

By: *s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0845
Fax: (202) 616-8470
Email: Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*